Tayxos, Chief-Justice,
 

 delivered the opinion of the Court :
 

 That the act of 8 and 9
 
 Will. 3, c.
 
 2.
 
 sec.
 
 8, was extended in practice to this State, and considered to be in ■ force in
 
 1777,
 
 is rendered plain by the Court Law, the -73d section of which, provides for rendering judgment in an action of debt which shall be final, “ except where damages are suggested on the roll.” No such practice was known at Common Law j for when covenants and agreements were contained in
 
 the comlitiort of
 
 a bond, the Plaintiff, upon a breach, recovered the whole of the penalty, and the Defendant was driven into Equity for relief. The statute of William is the only one providing for bonds with covenants or agreements in the condition | and the very great necessity for the regulations it contains, makes it difficult to suppose that our ancestors, could have done without it. A Sheriff’s bond for the performance of his duty, especially requires such a provision, and no breach that could be assigned under it more so than an escape, in which cases of great hardship sometimes occur against the Sheriff. Taking the eighth section of the statute then tq be in force, it is the settled law under it, that it is not in the power of a Plaintiff to refuse to proceed according to it, incases within the provisions of the section $. but that he must assign the breach of such covenant as he proceeds to recover the satisfaction for j and the Jury upon the trial of a cause, must assess damages for such of the.breaches assigned, as the Plaintiff, upon the trial of the issues, shall prove to have been broken — (2
 
 Wils. 377.')
 

 It was proper, then, for the Jury in this case to consider the damages really sustained by the escape,* and
 
 *427
 
 they were not hound to give the whole sum due from the original debtor, as in debt upon the statutes of
 
 West.
 
 2, and
 
 Rich. 2.
 
 The rule for a new trial must be discharged.